No. 1194. **Oliver** *v.* **Sale,** November Term, 1881. What proof of loss of a written contract is sufficient to permit secondary evidence of its contents is to a large extent a question of fact to be decided by the judge, and his discretion will not be disturbed except in very rare cases. The rule laid down in 1 *Greenleaf on Evidence,* § 558, approved, and *Floyd* v. *Mintsey,* 5 *Rich.* 372, cited. In this case, the witness testified that he was the custodian of the paper and that it had never gone out of his possession ; that he had thoroughly searched his office and could not find it ; but afterwards said he would not swear positively that the paper had never gone out of his office or that he had never given it to any one. His Honor, Judge Kershaw, then permitted proof of its contents. .

2. In action on a contract by which the plaintiff was to publish a newspaper in the interest of a party at a municipal election, the defendants being a self-constituted Board of such party, *held,* on defendants' appeal, that the Circuit Judge did not invade the province of the jury or otherwise err in charging that the defendants were not liable severally but jointly or not at all, if the contract was made with the Committee for the Board ; and that if such were the terms of the contract and some of the defendants are not bound because they were in utter ignorance of the matter, had not heard it discussed and did not recognize it afterwards, then the verdict must be in favor of all the defendants—such charge being

favorable to defendants and in accordance with the views suggested by them at the trial. *Judgment affirmed.* OPINION by MR. JUSTICE McGOWAN, April 11th 1882. *Hayne & Ficken, F. L. McHugh, J. A. Simons, J. N. Nathans,* for appellants; *W. M. Thomas,* contra.